UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
COLONY INSURANCE COMPANY,

                      Plaintiff,        Civil Case No.:

v.

                                         **COMPLAINT FOR
                                         DECLARATORY JUDGMENT**

MT. HAWLEY INSURANCE COMPANY and
RAFAEL PERALTA

                      Defendant.
-------------------------------------------------------------x

       Plaintiff, COLONY INSURANCE COMPANY ("Colony" or "Plaintiff"), by its attorneys LONDON FISCHER LLP, states the following as and for its Complaint against Defendant, MT. HAWLEY INSURANCE COMPANY ("Hawley") and RAFAEL PERALTA ("Peralta").

## NATURE OF THE ACTION

       1.      In this action, Colony seeks a declaration that Hawley is obligated to defend and indemnify Hawley's insured, 106 North Third LLC ("106"), in connection with an Underlying Action.

       2.      Rafael Peralta ("Peralta") alleges he suffered injuries on November 12, 2020, and subsequently filed an underlying action on July 1, 2021 in Supreme Court, Kings County ("Underlying Action").

       3.      Colony has been forced to defend 106 in the Underlying Action and has incurred defense costs and expenses because of Hawley's refusal to defend and indemnify 106.

**PARTIES**

4.  At all times material hereto, Colony was and is a Virginia insurance company (not an LLC) with its principal place of business in Richmond, Virginia.

5.  At all times material hereto, Hawley was and is a foreign corporation with its principal place of business in Peoria, Illinois, is domiciled in Illinois and is licensed and authorized to do business in the State of New York, including the issuance of insurance policies in the State of New York.

6.  At all times material hereto, Peralta was and is domiciled in New York.

**JURISDICTION AND VENUE**

7.  Subject matter jurisdiction is based upon 28 U.S.C.A. § 1332 and 28 U.S.C.A. § 2201 because the action involves citizens of different states and the amount in controversy exceeds the sum of $75,000. An actual controversy exists between the parties regarding their respective rights and obligations under the relevant policy of insurance.

8.  Personal jurisdiction over Hawley is proper as it is an Illinois corporation, is domiciled in Illinois and conducts business in the State of New York.

9.  Personal jurisdiction over Peralta is proper as he is a resident of, and domiciled in, the State of New York.

10. Venue is proper under 28 U.S.C.A. § 1391 because a substantial part of the events giving rise to the claim occurred in this district.

**INSURANCE POLICIES**

11. Hawley issued Commercial General Liability Policy, believed to be MGL0187634 and/or MXL0429127, to its Named Insured, Townhouse Builders Inc. dba Promont ("Promont") for the policy period of July 25, 2020 to July 25, 2021 ("Hawley Primary Policy").

12. The Policy Number of the Hawley Primary Policy has not been confirmed as Hawley has never responded to Colony's tenders under the Hawley Primary Policy.

13. Hawley issued Commercial General Excess Liability Policy MXL0432722 to its Named Insured, Promont for the policy period of July 25, 2020 to July 25, 2021 ("Hawley Excess Policy").

14. The Hawley Primary Policy provides coverage for "bodily injury" that takes place during its policy period and is caused by an accident.

15. The Hawley Excess Policy provide coverage for "bodily injury" that takes place during its policy period and is caused by an accident.

16. 106 qualifies as an Additional Insured under the Hawley Primary Policy on a primary and non-contributory basis.

17. 106 qualifies as an Additional Insured under the Hawley Excess Policy on a primary and non-contributory basis.

## CONTRACT

18. On February 8, 2018, in a contract identifying 106 as "Owner" and Promont as "Contractor", Promont agreed to procure insurance on behalf of 106, and to name 106 as an Additional Insured on a primary and non-contributory basis on its own insurance policies with Hawley.

## ACCIDENT AND UNDERLYING LAWSUIT

19. On July 1, 2021, a Verified Complaint was filed in the Supreme Court, Kings County, which was entitled, *Rafael Peralta v. 106 North Third, LLC and Townhouse Builders, Inc. d/b/a Promont*; Index No.: 516201/21. ("Underlying Action")

20. In the Underlying Action, Peralta alleges that he was injured on November 12, 2020 due to a fall at the sidewalk adjoining the premises at 106 North 3rd Street, Brooklyn, New York.

21. In the Underlying Action, Peralta alleges that Promont is responsible for the accident and his alleged injuries.

22. Colony assigned counsel to defend 106 and is paying for 106's defense in the Underlying Action.

## TENDERS

23. On February 8, 2021, Colony tendered 106's defense and indemnity in the Underlying Action to Hawley.

24. Hawley did not respond to the tender.

25. On April 21, 2021, Colony tendered 106's defense and indemnity in the Underlying Action to Hawley.

26. Hawley did not respond to the tender.

27. On June 28, 2021, Colony tendered 106's defense and indemnity in the Underlying Action to Hawley.

28. On August 4, 2021, Hawley improperly denied coverage under the Hawley Excess Policy.

29. On August 4, 2021, Hawley did not respond to the tender under the Hawley Primary Policy.

30. On December 16, 2021, Colony tendered 106's defense and indemnity in the Underlying Action to Hawley.

31. Hawley did not respond to the tender.

32. On February 9, 2022, Colony tendered 106's defense and indemnity in the Underlying Action to Hawley.

33. Hawley maintained its declination under the Hawley Excess Policy.

34. Hawley did not respond to the tender under the Hawley Primary Policy.

35. On February 18, 2022, Colony tendered 106's defense and indemnity in the Underlying Action to Hawley.

36. On February 21, 2022, Colony provided Hawley a copy of the General Liability Policy it issued to 106.

37. On March 28, 2022, Colony again followed up with Hawley for a coverage determination.

38. To date, Hawley has not provided a response to Colony's tender on behalf of 106 under the Hawley Primary Policy.

39. To date, Hawley has not agreed to provide coverage to 106 under the Hawley Excess Policy.

40. Hawley has improperly failed to defend and indemnify 106 in connection with the Underlying Action under the Hawley Primary Policy.

41. Hawley has improperly failed to defend and indemnify 106 in connection with the Underlying Action under the Hawley Excess Policy.

42. Hawley is estopped from denying coverage to 106 and has waived all potential coverage defenses under both of its policies.

43. Colony has been forced to defend 106 in the Underlying Action and has incurred defense costs and expenses because of Hawley's improper refusal to defend and indemnify 106.

44. An actual controversy exists between Colony and Hawley with respect to Hawley's duty to defend and to indemnify 106 in connection with the Underlying Action.

45. Colony has no adequate remedy at law.

## **FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF**

46. Plaintiff repeats and re-alleges the allegations contained in paragraph "1" through paragraph "45'' as if fully set forth herein.

47. The subject accident and the Underlying Action fall within coverage afforded by Hawley under the Hawley Primary and Excess Policies.

48. 106 is Hawley's insured under the Hawley Primary Policy and is entitled to defense and indemnity from Hawley in connection with the subject accident and the Underlying Action.

49. 106 is Hawley's insured under the Hawley Excess Policy and is entitled to defense and indemnity from Hawley in connection with the subject accident and the Underlying Action.

50. Hawley must provide primary and noncontributory coverage for the subject accident and the Underlying Action to 106 under the Hawley Primary Policy.

51. Hawley must provide primary and noncontributory coverage for the subject accident and the Underlying Action to 106 under the Hawley Excess Policy.

52. Hawley is estopped from denying coverage to 106 and has waived all potential coverage defenses.

53. Colony is entitled to a declaration that Hawley has a duty to defend and indemnify 106 on a primary and noncontributory basis in connection with the subject accident and the Underlying Action and must reimburse Colony for past defense costs and expenses incurred for 106 as an Additional Insured under the Hawley Primary Policy.

54. Colony is entitled to a declaration that Hawley has a duty to defend and indemnify 106 on a primary and noncontributory basis in connection with the subject accident and the Underlying Action and must reimburse Colony for past defense costs and expenses incurred for 106 as an Additional Insured under the Hawley Excess Policy.

## SECOND CAUSE OF ACTION FOR BREACH OF CONTRACT

55. Plaintiff repeats and re-alleges the allegations contained in paragraph "1" through paragraph "54" as if fully set forth herein.

56. The subject accident and the Underlying Action fall within the coverage afforded by Hawley under the Hawley Primary Policy.

57. All terms and conditions of the Hawley Primary Policy have been complied with and met.

58. The subject accident and the Underlying Action fall within the coverage afforded by Hawley under the Hawley Excess Policy.

59. All terms and conditions of the Hawley Excess Policy have been complied with and met.

60. Hawley is estopped from denying coverage to 106 and has waived all potential coverage defenses.

61. Hawley is obligated to defend and to indemnify 106 on a primary and noncontributory basis in connection with the subject accident and the Underlying Action under the Hawley Primary Policy.

62. Hawley is obligated to defend and to indemnify 106 on a primary and noncontributory basis in connection with the subject accident and the Underlying Action under the Hawley Excess Policy.

63. Hawley has breached its obligations by refusing to defend and to indemnify 106 in connection with the subject accident and the Underlying Action under the Hawley Primary Policy.

64. Hawley has breached its obligations by refusing to defend and to indemnify 106 in connection with the subject accident and the Underlying Action under the Hawley Excess Policy.

65. As a result of Hawley's breach of its obligation to defend and to indemnify 106 in connection with the subject accident and the Underlying Action, Colony has been required to incur defense costs that should have been incurred by Hawley and continues to do so.

66. Colony has suffered and will continue to suffer damages on account of Hawley's refusal to fulfill its obligations to defend and to indemnify 106 in connection with the subject accident and the Underlying Action.

67. Hawley is liable for any and all damages by virtue of its breach of its obligation to defend and to indemnify 106 in connection with the subject accident and the Underlying Action, including paying past defense costs and ongoing costs and fees and expenses for defense and/or indemnity.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court enter a judgment as follows:

a. Declaring that Hawley has a duty to defend and to indemnify 106 on a primary and noncontributory basis in connection with the subject accident and the Underlying Action under the Hawley Primary Policy and to reimburse Colony for past defense costs and expenses;

b. Declaring that Hawley has a duty to defend and to indemnify 106 on a primary and noncontributory basis in connection with the subject accident and the Underlying Action under the Hawley Excess Policy and to reimburse Colony for past defense costs and expenses;

    c.    Awarding Colony all damages incurred by virtue of Hawley's breach of its obligation to defend and to indemnify 106 in connection with the subject accident and the Underlying Action; and

    d.    Awarding attorneys' fees, costs and interest, and such other and relief as this Court may deem necessary and proper.

Dated: New York, New York  
        July 27, 2022

                              LONDON FISCHER LLP

                              /s/ William J. Edwins  
                     By:   James Walsh  
                          William J. Edwins  
                          Attorneys for Plaintiff  
                          Colony Insurance Company  
                          59 Maiden Lane, 39th Floor  
                          New York, New York 10038  
                          (212) 972-1000  
                          Our File No.: 417.0567139